IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 14 CR 509-1 |
| KENNETH CUNNINGHAM, | ) ) | Judge John Z. Lee |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Kenneth Cunningham pleaded guilty to three separate counts of bank robbery, 18 U.S.C § 2113(a). The Pre-Sentence Investigation Report ("PSR") determined that Cunningham qualified as a career offender under Section 4B1.1(a) of the United States Sentencing Guidelines ("USSG"). This conclusion was based upon Cunningham's convictions for committing four other bank robberies in 1995 and another conviction for bank robbery in 2007, all in violation of 18 U.S.C. § 2113(a). Cunningham objects to this determination, arguing that a bank robbery under 18 U.S.C. § 2113(a) does not constitute a "crime of violence" under Section 4B1.1. For the following reasons, the Court overrules the objection and finds that Cunningham qualifies as a career offender under USSG § 4B1.1.

## Discussion

Section 4B1.1 of the USSG provides:

> (a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a *crime of violence* or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a *crime of violence* or a controlled substance offense.

1

USSG § 4B1.1 (emphasis added).  In turn, USSG § 4B1.2 provides in pertinent part that "[t]he term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 4B1.2(a)(1).[1]

In calculating Cunningham's Combined Adjusted Offense Level, the PSR concludes that Cunningham qualifies as a career offender because he was at least 18 years old at the time of the instant offense, the instant offense of conviction is a felony that is a crime of violence, and Cunningham has at least two prior felony convictions for crimes of violence, specifically his bank robbery convictions in the Northern District of Illinois in 1995 (case no. 95 CR 417-1) and 2007 (case no. 07 CR 612-1).

Cunningham objects to the PSR's finding that he is a career offender. It is Cunningham's position that the offense of federal bank robbery under 18 U.S.C. § 2113(a) fails to qualify as a "crime of violence" under the categorical approach announced in *Taylor v. United States*, 495 U.S. 575, 600 (1990).

*Taylor* provides that courts should use the "formal categorical approach" for determining when a defendant's prior conviction counts as one of the Armed Career Criminal Act's predicate offenses. *Id.* at 600. The Seventh Circuit also applies this approach to the career offender guidelines. *See, e.g., Ramirez v. United States*, 799 F.3d 845, 856 (7th Cir. 2015). Under this approach, "[s]entencing courts must only look at the elements of the statute of the defendant's prior convictions, and not the particular facts underlying those convictions." *Dawkins v. United*

---

[1]  The government relies solely on USSG § 4B1.2(a)(1), which commonly is referred to as the "force" provision and not § 4B1.2(a)(2), which is called the "residual provision." The latter has been called into question by the Supreme Court's decision in *United States v. Johnson*, 135 S. Ct. 2551 (2015), which invalidated the similarly worded residual clause in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) ("ACCA").

*States*, 809 F.3d 953, 956 (7th Cir. 2016). "If the statute in question has the same elements as the 'generic' crime, then the prior conviction qualifies as a 'crime of violence' under the sentencing guidelines." *Id.* at 956–57; *see Brown v. Caraway*, 719 F.3d 583, 589 (7th Cir. 2013) ("*Taylor* instructs that to determine whether Delaware's third-degree arson is contemplated by the enumerated crime of 'arson' in the Guideline, we must compare Arson in the Third Degree under Delaware law with the 'modern generic view' of the common law crime of arson.") "[I]f the statute defines the crime more broadly than the generic offense, then the conviction will not qualify." *Dawkins,* 809 F.3d at 957.

18 U.S.C. § 2113(a) defines the crime of bank robbery as follows: "[w]hoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, . . . any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association . . . shall be [punished in accordance with the remainder of the statute]." Both Cunningham and the Government take the position that the categorical approach applies in this case.

Cunningham argues that, under the categorical approach, bank robbery is not a crime of violence under USSG § 4B1.1. His argument begins with *Johnson v. United States*, 559 U.S. 133 (2010). There, the Supreme Court, in interpreting the phrase "violent felony" under the ACCA, held that "the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." *Id.* at 140 (emphasis in original). According to Cunningham, because (1) an individual can be convicted of bank robbery if he or she committed the robbery by "intimidation" and (2) intimidation does not necessarily require the

3

threat of "violent force," bank robbery cannot categorically qualify as a crime of violence under USSG 4B1.2(a)(1).

This question, however, has already been addressed squarely by the Seventh Circuit in *United States v. Jones*, 932 F.2d 624 (7th Cir. 1991). There, the Seventh Circuit, in applying the force clause of § 4B1.2, held that a "defendant properly convicted of bank robbery is guilty per se of a crime of violence, because violence in the broad sense that includes merely threatened use of force is an element of every bank robbery." *Id.* at 625. "There is no 'space' between 'bank robbery' and 'crime of violence.'" *Id.*

To rebut the force of *Jones*, Cunningham contends that the decision is no longer controlling because it predates the Supreme Court's 2010 holding in *Johnson*. But as this court recognized more recently in *United States v. Enoch*, Case No. 15-cr-66, 2015 WL 6407763 (N.D. Ill. Oct. 21, 2015) (Kennelly, J.), "[t]he Seventh Circuit has repeatedly held that intimidation refers to a threatened use of physical force." *Id.* at *2. For example, in *United States v. Gordon*, the Seventh Circuit recognized that "[i]ntimidation exists when a bank robber's words and actions would cause an ordinary person to feel threatened, by giving rise to a reasonable fear that resistance or defiance will be met with force." 642 F.3d 596, 598 (7th Cir. 2011); *see also United States v. Thorton*, 539 F.3d 741, 748 (7th Cir. 2008) (intimidation "exists in situations where the defendant's conduct and words were calculated to create the impression that any resistance or defiance . . . would be met with force") (internal quotations omitted). In any event, the Seventh Circuit has not overruled its unambiguous holding in *Jones*, and the Court is bound to apply it.[2]

---

[2] The Court is aware that pending appeals before the Seventh Circuit will address the issue whether the Supreme Court's invalidation of the residual clause of the Armed Career Criminal Act in *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015), also invalidates the identically phrased residual clause in the career offender guideline. *See United States v. Rollins*, No. 13-1731; *United States v. Hurlburt*, No. 14-

The reasoning in *Jones* makes practical sense. After all, when an individual enters a bank, approaches a teller, and demands money verbally or by note (Cunningham, as it happens, has used both methods in the past), the teller understands that the demands are not "mere requests which could be ignored, but rather, [feels] compelled to comply." *Thorton*, 539 F.3d at 748–49. And "[f]orce that is capable of compelling action fits within the definition of violent force set out in the Supreme Court's 2010 decision in *Johnson*." *Enoch*, 2015 WL 6407763 at *2; *see United States v. Mitchell*, Case No. 15-cv-47, 2015 WL 7283132, at *2 (E.D. Wis. Nov. 17, 2015) (noting "the Seventh Circuit's cases consistently refer to intimidation as involving a threat to use physical force if the robber's demands are not met").

## Conclusion

For the reasons stated herein, Defendant's objection to the determination in the PSR that he is a career offender under USSG § 4B1.1(a) is overruled.

IT IS SO ORDERED.

/s/ John Z. Lee
John Z. Lee
United States District Judge

Dated: February 19, 2016.

---

3611; and *United States v. Gillespie*, No. 15-1686. These cases, in turn, may impact the extent to which court may rely upon the Application Notes to USSG § 4B1.2. But, the Seventh Circuit's holding in *Jones* relies on the language of the force clause in §4B1.2. To the extent that the court in *Jones* also referred to the Application Notes, it was unnecessary to its holding.